hBYRNES, Judge.
On October 9,1995 a default judgment was rendered in favor of the children of the decedent, Shedrick Abbott, Jr., awarding them worker’s compensation dependent benefits. The decedent’s employer, Charles C. Foti, Criminal Sheriff of New Orleans filed proceedings to nullify this judgment. The Office of Worker’s Compensation found in favor of Sheriff Foti and nullified the judgment of October 9, 1995 based on a finding that no proper preliminary default had been rendered, and, therefore, the confirmation of the preliminary default was null. It is from this judgment of nullity that the appellants, decedent’s dependent children, appeal[1] through their confirmed natural tutrix, Ms. Emma Taplin.
Counsel for Sheriff Foti contended several times in the hearing on the petition for nullity that the “Motion for Preliminary Default” filed by the appellants had never been signed. It is not contested that such a motion was actually filed by the appellees on July 17, 1995. Counsel for Sheriff Foti did not contend that there was any defect in connection with the default other than the fact that therejjis no minute entry in the record to verify the entering of the preliminary default and the motion and order for preliminary default filed by the claimants is unsigned. In finding in favor of Sheriff Foti, the hearing officer concluded the hearing on the petition for nullity by stating:
Okay. I have to agree with you, Mr. Osborne, that there is no clear indication of a preliminary default having been taken. And, Ms. Chatelain, it’s probably the fault of the court for not having signed the preliminary default prior to confirming it, is what happened. So, therefore, the judgment will be nullified and the matter -will be set for ordinary proceedings.
This holding of the hearing officer is based on the erroneous assumption that the motion and order for preliminary default was never signed as contended by the counsel for Sheriff Foti. Our careful examination of the record reveals that the motion and order of preliminary default was signed by the hearing officer on August 8,1995.[2]
This is consistent with the Certificate of the Deputy Clerk of Court that no answer had been filed as of August 8, 1995. It is ho coincidence that the August 8, 1995 date found in this Certificate coincides with the date that the order of preliminary default was signed. It is also consistent with the testimony of that same deputy clerk of court at the confirmation hearing that, “We granted the preliminary default ...”
We can only assume that the confusion arose because the claimants produced an unsigned copy at the hearing on the petition for nullity.[3] The court apparently [3focused only on the unsigned copy and assumed that it was the only one, when in fact the record contains the signed copy referred to above. The copy of the signed motion and order of preliminary default is sufficient to satisfy the requirements of LSA-C.C.P. art. 1701 that the judgment of preliminary default “shall consist merely of an entry in the minutes.” The only grounds for nullity asserted below and on this appeal by the counsel for Sheriff Foti is the failure of the hearing officer to sign the order of preliminary default necessary to document its occurrence in the absence of a specific minute entry. As there is no merit to this assertion, it was error for the hearing officer to nullify the judgment in favor of the claimants rendered on October 9, 1995.
Sheriff Foti answered the appeal asking for damages for frivolous appeal. As appellants have been successful in their appeal, per force their appeal cannot be considered frivolous.
For the foregoing reasons, the judgment of nullity of the hearing officer dated December *83 5, 1996, is reversed, vacated and set aside and the original judgment in favor of appellants dated October 9, 1995, is hereby reinstated. All costs are to be borne by the appellee.
JUDGMENT OF DECEMBER 5, 1996 REVERSED, VACATED, AND SET ASIDE; JUDGMENT OF OCTOBER 9, 1995 REINSTATED.

. Out of an excess of caution, appellants simultaneously applied for writs, 97-C-0683. That application was consolidated with this appeal.

. It is found at page 000022 of the record as presented to this Court.

.We assume that this is the unsigned copy annexed as exhibit four to claimants' consolidated application for writs. Although unsigned, this copy has the Office of Worker’s Compensation date stamp showing the same time and date as the signed copy.